**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

JILL JACKSON,

    Plaintiff,

v.               Case No. 6:14-cv-1103-Orl-37KRS

LABORATORY CORPORATION OF
AMERICA HOLDINGS,

    Defendant.

## ORDER

This cause is before the Court on the following:

1. Notice of Removal of Action (Doc. 1), filed July 9, 2014;

2. Plaintiff's Motion to Remand to State Court and Supporting Memorandum of Law (Doc. 10), filed July 16, 2014; and

3. Defendant Laboratory Corporation of America Holding's Opposition to Plaintiff Jill Jackson's Motion to Remand to State Court (Doc. 23), filed July 30, 2014.

Upon consideration, the Court finds that the motion is due to be granted.

## BACKGROUND

Plaintiff initiated this action in the Circuit Court of the Eighteenth Judicial Circuit in and for Brevard County, Florida, asserting a single claim against Defendant for its allegedly negligent provision of drug-screening laboratory services. (Doc. 3.) Plaintiff alleged in her Amended Complaint that her damages exceed "Fifteen Thousand Dollars ($15,000.00), exclusive of interest, costs and attorneys' fees." (*Id.*) Defendant filed a Notice of Removal in this Court on July 9, 2014 (Doc. 1), Plaintiff moved to remand, and

she requested an award of attorney's fees incurred as a result of the removal. (Doc. 10.) Defendant responded (Doc. 23), and the matter is now ripe for adjudication.

## STANDARDS

If a state court action could have been asserted in federal court based on diversity jurisdiction under 28 U.S.C. § 1332, then a defendant may remove the action to federal court pursuant to §§ 1441(a) and 1446(c). Diversity jurisdiction exists in "all actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1). Within thirty days of removal, a plaintiff may move to remand. *See* 28 U.S.C. § 1447(c); *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1213 n.64 (11th Cir. 2007). The removing party must establish the jurisdictional requirements by a preponderance of the evidence. *See* 28 U.S.C. § 1446(c)(2)(B). If the removing party fails to meet its burden, then the Court must remand the action to state court. *See Leonard v. Enter. Rent-A-Car*, 279 F.3d 967, 972 (11th Cir. 2002) (vacating order denying remand because the defendant's conclusory assertions were insufficient to satisfy the amount in controversy requirement). All uncertainties concerning removal jurisdiction are resolved in favor of remand. *Russell Corp. v. Am. Home Assurance Co.*, 264 F.3d 1040, 1050 (11th Cir. 2001).

If an action is remanded, the Court "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). "There is no presumption in favor of awarding fees; rather, courts may award attorneys' fees incurred as a result of a removal only where the removing party lacked an objectively reasonable basis for seeking removal." *Watson v. Carnival Corp.*, 436 F. App'x 954, 955 (11th Cir. 2011) (citation and internal quotation marks omitted).

**DISCUSSION**

Plaintiff concedes that complete diversity exists between the parties (Doc. 10, p. 4); thus, the issue before the Court is whether Defendant has established by a preponderance of the evidence an amount in controversy in excess of $75,000. To satisfy its burden, Defendant points to the following: (1) allegations in the Amended Complaint that Plaintiff's damages include "lost earnings as a nurse, 'loss of ability to earn money,' 'mental anguish' and 'loss of the capacity for the enjoyment of life'" (Doc. 23, p. 1 (quoting Doc. 3 (Amended Complaint)); *see also* Doc. 1, ¶¶ 6, 10); (2) the failure of Plaintiff's counsel to respond to Defendant's written request that Plaintiff "confirm in writing" if she disagrees that her "compensatory and punitive damages exceed $75,000" (Doc. 1, ¶ 11); and (3) jury verdicts in three laboratory testing negligence cases from outside of Florida that exceeded $75,000 (*id.* ¶¶ 13–15).

The failure of Plaintiff's counsel to respond to Defendant's correspondence concerning the amount in controversy is not evidence sufficient to satisfy Defendant's burden. *See Eckert v. Sears, Roebuck & Co.*, No. 8:13-cv-2599-T-23EAJ, 2013 WL 5673511, at *1 (M.D. Fla. Oct. 17, 2013) (rejecting argument that plaintiff's response to admission was sufficient to establish amount in controversy). Further, after a review of Plaintiff's allegations in light of the Court's judicial experience and common sense, the Court finds that Defendant has not met its burden. *See id.*; *e.g.*, *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1062 (11th Cir. 2010) (holding that courts should apply their common sense and judicial experience in assessing whether the amount in controversy

requirement is met). Thus, the action is due to be remanded to the state court.[1] Costs are not due to be awarded pursuant to § 1447(c).

## CONCLUSION

Accordingly, it is hereby **ORDERED AND ADJUDGED**:

1. Plaintiff's Motion to Remand to State Court and Supporting Memorandum of Law (Doc. 10) is **GRANTED**.

2. The Clerk is **DIRECTED** to remand this action to the Circuit Court of the Eighteenth Judicial Circuit in and for Brevard County, Florida, to terminate all pending motions, and to close the file.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on August 20, 2014.

ROY B. DALTON JR.
United States District Judge

Copies:

Counsel of Record

---

[1] Defendant also filed a Motion to Dismiss the Amended Complaint. (Doc. 20; Doc. 25.) Because this action will be remanded, the Motion to Dismiss is not due to be resolved by this Court. *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999) (holding that federal courts must resolve motions to remand before addressing other pending motions).

5

Circuit Court of the Eighteenth Judicial Circuit in and for Brevard County, Florida

Case 6:14-cv-01103-RBD-KRS   Document 26   Filed 08/20/14   Page 5 of 5 PageID 218